UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE KALISPEL TRIBE OF INDIANS, a Native American tribe,<br><br>        Plaintiff,<br><br>    v.<br><br>ORVILLE MOE and the marital community of ORVILLE AND DEONNE MOE,<br><br>        Defendants. | NO. CV-03-423-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Plaintiff Kalispel Tribe of Indians' Motion for Summary Judgment. (Ct. Rec. 165.) After reviewing the submitted materials and relevant authority, the Court is fully informed and grants Plaintiff's motion. The reasons for the Court's Order are set forth below.

ORDER ~ 1

## I. Background

The following facts are set forth in a light most favorable to Defendants:

On September 19, 1994, Plaintiff entered into a written Joint Venture Agreement with Spokane Raceway Park, Inc. ("SRP") to develop certain real property in Airway Heights, Washington. (Ct. Rec. 166-2, Ex. 2.) In connection with the agreement, SRP, the managing partner of Washington Motorsports LTD., gift deeded forty (40) acres of real estate to the United States in trust for Plaintiff. (Ct. Rec. 166-2, Ex. 1.)

A governing board - the Joint Venture Board - was created in connection with the joint venture. (Ct. Rec. 166-2, Ex. 2.) Plaintiff was responsible for compensating its board members, and SRP was responsible for compensating its board members. (Ct. Rec. 166-3, Ex. 4 at 3.)

In October 2003, relations between Plaintiff and SRP deteriorated when Defendant Orville Moe threatened to damage Plaintiff's Northern Quest Casino property. (Ct. Rec. 1.) This deterioration culminated in the Court issuing a Preliminary Injunction against SRP, Defendants, and others. (Ct. Rec. 14.) Based on stipulations of the parties following mediation, the Court dismissed several claims and parties in this matter on August 16 and September 10, 2007. (Ct. Recs. 157 & 161.)

The claims between Plaintiff and Defendants were not dismissed. Plaintiff now moves for summary judgment on Defendants' permissive counterclaims. (Ct. Rec. 165.)

ORDER ~ 2

## II. Discussion

**A. Summary Judgment Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record.

ORDER ~ 3

*See Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Defendants assert three identifiable counterclaims against Plaintiff. (Ct. Rec. 51 at 13-15.)[1] They are as follows: First, Plaintiff allegedly failed to compensate Defendant Orville Moe for his role on the Joint Venture Board. *Id.* at 15. Second, Plaintiff allegedly made disparaging comments about Defendant Orville Moe that injured his business reputation. *Id.* And third, Plaintiff allegedly interfered with Defendant Orville Moe's "right to engage in economic relations with third parties." *Id.* Before each permissive counterclaim can be considered, however, it is necessary to address sovereign immunity.

**1. Sovereign Immunity**

Plaintiff asserts that Defendants' permissive counterclaims are barred by the doctrine of tribal sovereign immunity. (Ct. Rec. 165 at 7.) Defendants respond that Plaintiff waived its sovereign immunity in several ways, including by entering into the Joint Venture Agreement. (Ct. Rec. 181 at 2.)

---

[1] It is difficult to discern from the Answer what counterclaims Defendants asserted against Plaintiff. The counterclaims are not specifically delineated and are set forth in narrative format over several paragraphs.

ORDER ~ 4

Tribes enjoy immunity from unconsented suits and consent, if any, must be unequivocally indicated. *United States v. Oregon,* 657 F.2d 1009, 1012 (9th Cir. 1981); *Squaxin Island Tribe v. Washington,* 781 F.2d 715, 723 (9th Cir. 1986). A tribe does not waive sovereign immunity when it files a complaint for injunctive relief. *Squaxin Island Tribe,* 781 F.2d at 723.

Here, Defendants' permissive counterclaims are barred by the doctrine of tribal sovereign immunity. Plaintiff did unequivocally waived its sovereign rights to a limited degree in Section 10 of the Joint Venture Agreement, which provides:

> The Kalispel Tribe agrees to a limited waiver of their sovereign rights. Said waiver shall be limited to such actions that arise through this agreement or it's [sic] breach. Any collection on a judgment against the Tribe is limited to the proceeds of such insurance policies as are set forth in Section 7 herein or in the event that there is no coverage or adequate coverage under the value of the Venture or outside of coverage, then an amount equal to the policy limits or an agreed amount by both parties based on an appraisal by both business and land appraisers or an amount agreed to by both parties. In no event will a decision against the Tribe subject Tribal trust lands or proceeds from those lands to be a party of a judgment.

(Ct. Rec. 166-2, Ex. 2 at 5.) This waiver, however, does not apply to Defendants for two reasons. First, Defendants are not a party to the Joint Venture Agreement. As set forth in the preamble, the Joint Venture Agreement was a contract between Plaintiff and SRP and did not include Defendants. (Ct. Rec. 166-2, Ex. 2 at 1.) While Defendant Orville Moe did sign the Joint Venture Agreement, he did so only in his official capacity as SRP's president. *See id.* at 5.[2]

---

[2] Because Defendants were not a party to the Joint Venture Agreement,

ORDER ~ 5

Second, two of Defendants' three counterclaims - defamation and tortious interference - are unrelated to the Joint Venture Agreement. Even if Defendants were a party to the Joint Venture Agreement, tribal sovereign immunity would not be waived as to those permissive counterclaims.

Defendants' cited authority that Plaintiff unequivocally waived its sovereign immunity is not persuasive. *United States v. Oregon* is distinguishable because there the Ninth Circuit held that a tribe deliberately intervening into a lawsuit concedes sovereign immunity - an issue not relevant to the present matter. 657 F.2d at 1012. Defendants also cite *Berry v. Asarco, Inc.,* 439 F.3d 636 (10th Cir. 2006), for the proposition that damage counterclaims arising from the same transaction waive tribal sovereign immunity. (Ct. Rec. 181 at 16.) Not so. In *Berry,* the Tenth Circuit held that, when Indian tribes file suit, they waive immunity as to counterclaims that sound in recoupment. 439 F.3d at 643. Claims in recoupment arise out of the same transaction or occurrence, seek the same kind of relief as the plaintiff, and do not seek an amount in excess of that sought by the plaintiff. *Id.*

Here, Plaintiff's Amended Complaint (Ct. Rec. 15) contained three causes of action: 1) injunctive relief; 2) declaratory judgment quieting title; and 3) trespass. Defendants' compensation, defamation, and tortious interference permissive counterclaims do not arise out of the same transaction or occurrence and do not seek the same kind of relief

---

their estoppel argument that Plaintiff asserted and lost the tribal sovereign immunity issue against SRP on identical facts in Spokane County Superior Court is not persuasive. *See* Ct. Rec. 181 at 15.

ORDER ~ 6

as Plaintiff. Moreover, *Squaxin Island Tribe* is the applicable controlling authority; there, the Ninth Circuit stated that counterclaims in response to an Indian tribe's preliminary injunction are barred by sovereign immunity. 781 F.2d at 723. So even when viewing the evidence in the light most favorable to Defendants, and drawing all appropriate inferences, there is no evidence to indicate that Plaintiff unequivocally waived tribal sovereign immunity with respect to Defendants' permissive counterclaims.[3]

### 2. "Compensation" Counterclaim

Defendants' first permissive counterclaim alleges that Plaintiff failed to compensate Defendant Orville Moe for his role on the Joint Venture Board. (Ct. Rec. 51 at 15.) The Court need not consider the merits of this first permissive counterclaim because it is barred by the doctrine of tribal sovereign immunity. The Court nevertheless notes in passing that, even if Plaintiff unequivocally waived tribal sovereign immunity against Defendants, Defendants still would not have a viable counterclaim because the Joint Venture Board previously agreed that Defendant Orville Moe would be compensated by SRP. The May 23, 2003, Joint Venture Board minutes state, in pertinent part:

> The Joint Venture board discussed board member compensation. Joe Delay stated that each party would be determining what they

---

[3]Defendants' response cites numerous other cases to support its position that Plaintiff waived its tribal sovereign immunity. These cases are inapposite and none alter the Ninth Circuit precedent in *Squaxin Island Tribe* that leads the Court to find that Plaintiff did not waive its tribal sovereign immunity.

ORDER ~ 7

would pay to their board members.  Kent Caputo summarized that the tribe's board members would be compensated out of their 51%, and SRP's board members would be compensated out of their 49%.

(Ct. Rec. 181-4.)  Because Defendant Orville Moe is an SRP board member, it was SRP's responsibility to compensate Defendant Orville Moe. Accordingly, Defendants cannot have a permissive counterclaim against Plaintiff based on failure to compensate.

### 3. Defamation and Tortious Interference Counterclaims

Defendants' second and third permissive counterclaims allege that Plaintiff made disparaging comments about Defendant Orville Moe that injured his business reputation and interfered with his "right to engage in economic relations with third parties."  (Ct. Rec. 51 at 15.)  As stated, the Court need not consider the merits of Defendants' second and third permissive counterclaims because they are barred by the doctrine of tribal sovereign immunity.  The Court nevertheless notes in passing that again, even if Plaintiff unequivocally waived tribal sovereign immunity against Defendants, their counterclaims would fail based on abandonment (in their summary judgment response, Defendants neither mention case law nor articulate specific facts demonstrating that there are a genuine issues for trial on these counterclaims).  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87.

## III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Summary Judgment **(Ct. Rec. 165)** is **GRANTED**.  Defendants' three identifiable counterclaims: (1) Plaintiff allegedly failed to compensate Defendant Orville More for his role on the Joint Venture Board; (2) Plaintiff allegedly made disparaging comments about Defendant Orville Moe that

ORDER ~ 8

injured his business reputation; and (3) Plaintiff allegedly interfered with Defendant Orville Moe's "right to engage in economic relations with third parties," are **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___12th___ day of March 2008.

                                S/ Edward F. Shea
                             United States District Judge

Q:\Civil\2003\423.MSJ.wpd

ORDER ~ 9