UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE KALISPEL TRIBE OF INDIANS, a Native American tribe,<br><br>  Plaintiff,<br><br>  v.<br><br>ORVILLE L. MOE and the marital community of ORVILLE and JANE DOE MOE<br><br>  Defendants. | NO. CV-03-423-EFS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendants Orville L. Moe and the marital community of Orville and Jane Doe Moe's Response to Order on Plaintiff's Updated Report, which the Court liberally construes as a motion for reconsideration. (Ct. Rec. 194.) Defendants insist that reconsideration is appropriate because the Court's Order on May 15, 2008 (Ct. Rec. 193), is contrary to Ninth Circuit law and violates the forum rule on attorney fees. (Ct. Rec. 194 at 2.) After reviewing the submitted material and relevant authority, the Court is fully informed and denies Defendants' motion.

ORDER * 1

**I. Discussion**

**A. Standard**

A motion for reconsideration is "appropriate if the district court (1) is presented with newly-discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.; Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

**B. Reconsideration of Improper Appeal Determination**

In its Order on May 15, 2008, the Court determined that Defendants' recent appeal was improper because any order that disposes of fewer than all of the claims or parties must be certified under Federal Rule of Civil Procedure 54(b) in order to be appealable, and no motion for Rule 54(b) certification was filed. (Ct. Rec. 193 at 2.) Defendants cite three (3) Ninth Circuit cases that allegedly hold otherwise. The Court addresses each case in turn.

Defendants cite *Del Campo v. Kennedy,* 517 F.3d 1070, 1074 (9th Cir. 2008), for the proposition that interlocutory appeals from district court sovereign immunity decisions are permissible. (Ct. Rec. 194 at 2.) In *Del Campo,* the court addressed "whether a private company contracting with a district attorney for services related to a diversion program is entitled to state sovereign immunity." 517 F.3d at 1072. This issue has

ORDER * 2

no application to the present facts, which involve Defendants' permissive counterclaims being barred by the doctrine of tribal sovereign immunity.

In *Del Campo*, the Ninth Circuit also held that appeals from denials of sovereign immunity fall within the narrow exception to the collateral order doctrine. *Id.* at 1074. Here, the Court agreed that tribal sovereign immunity barred Defendants' counterclaims. Accordingly, *Del Campo* does not support Defendants' position.

Defendants next cite to *Mark v. Groff,* 521 F.2d 1376, 1379 (9th Cir. 1975), for the premise that a sovereign immunity finding should be treated as an appealable final order. (Ct. Rec. 194 at 2-3.) In *Mark,* the Ninth Circuit examined whether official immunity is analogous to qualified immunity for purposes of actions under 42 U.S.C. § 1983. 521 F.2d at 1380. The Ninth Circuit did not discuss, let alone mention, sovereign immunity. *Mark* does not support Defendants' position.

Finally, Defendants state that *Burlington Northern and Sante Fe Railway Co. v. Vaughn,* 509 F.3d 1085, 1091 (9th Cir. 2007) "unequivocally holds that an Indian tribe's sovereign immunity defense is a collateral order appealable on an interlocutory basis." (Ct. Rec. 194 at 3.) *Burlington* holds that *denial* of a tribal sovereign immunity claim is appealable on an interlocutory basis as a collateral order. 509 F.3d at 1088 (emphasis added). *Burlington,* like *Del Campo,* has no application here because the Court recognized that tribal sovereign immunity barred Defendants' permissive counterclaims.

Defendants' cited authority is inapposite. The Court properly determined that Defendants' recent interlocutory appeal was improper.

**C. Reconsideration of Sanctions**

ORDER * 3

Defendants argue that the $800.00 sanction assessed against defense counsel is excessive. (Ct. Rec. 194 at 4.) For support, Defendants rely on *Avera v. Secretary of Health and Human Services,* 515 F.3d 1343, 1347 (Fed. Cir. 2008) (finding that the lodestar approach applies when calculating attorney fee awards to claimants under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1- to -34). *Avera* is neither controlling nor relevant. It is not controlling because the holding is limited to the Court of Federal Claims; it is not relevant because the present matter involves a sanction, not an attorney fee award to a prevailing party.

The Court declines to reconsider its sanction against defense counsel. The sanction was imposed because defense counsel's late-filed summary judgment response caused Plaintiff to incur unnecessary expenses. These unnecessary expenses included drafting an additional reply (Ct. Rec. 182) and a response addressing defense counsel's explanation for his late-filed summary judgment response (Ct. Rec. 179).

Plaintiff's counsel stated at the May 13, 2008, telephonic hearing that he spent two (2) hours (at $400.00 per hour) drafting the supplemental reply alone. Thus, the Court's $800.00 sanction is less than it would be if based on Plaintiff's counsel's hourly rate and the total time spent drafting the unnecessary briefing. The $800.00 sanction is not excessive and is appropriate under the circumstances.

Accordingly, **IT IS HEREBY ORDERED:** Defendants' Response to Order on Plaintiff's Updated Report **(Ct. Rec. 194),** which the Court liberally construes as a motion for reconsideration, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

ORDER * 4

1 **DATED** this____2nd____ day of June 2008.

2

3                    S/ Edward F. Shea
                     EDWARD F. SHEA
4              United States District Judge

5 Q:\Civil\2003\423.Deny.Reconsider.wpd

ORDER * 5