UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THE KALISPEL TRIBE OF
INDIANS, a Native American
tribe,

                    Plaintiff,

          v.

ORVILLE MOE and the marital
community of ORVILLE AND
DEONNE MOE,

                    Defendants.

NO. CV-03-423-EFS

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
RE: DAMAGES**

     Before the Court, without oral argument, is Plaintiff Kalispel Tribe
of Indians' Motion for Summary Judgment Re: Damages.  (Ct. Rec. 203.)
After reviewing the submitted material[1] and relevant authority, the Court
is fully informed and grants Plaintiff's motion.  The reasons for the
Court's Order are set forth below.

     [1]Defendants Orville Moe and Jane Doe Moe did not file a summary
judgment response - a response was due August 20, 2008.  This is the
second time Defendants have missed a summary judgment response deadline.
(Ct. Rec. 176.)

ORDER ~ 1

## I. Background

The following facts are not in dispute:[2]

On September 19, 1994, Plaintiff entered into a written Joint Venture Agreement ("JVA") with Spokane Raceway Park, Inc. ("SRP") to develop certain real property in Airway Heights, Washington. (Ct. Rec. 183.)  In connection with the agreement, SRP, the managing partner of Washington Motorsports LTD. ("WML"), gift deeded forty (40) acres of real estate to the United States in trust for Plaintiff. *Id.* SRP and/or WML own property adjacent to the forty-acre property where they operate the SRP auto-racing complex.

Under the JVA, Plaintiff and SRP agreed to jointly-develop twenty (20) of the forty (40) acres; the remaining twenty (20) acres would be used by Plaintiff.  Sometime later, Plaintiff opened the Northern Quest Casino on its twenty (20) acres.

In October 2003, relations between Plaintiff and SRP deteriorated when Defendant Orville Moe threatened to damage the Northern Quest Casino property.  (Ct. Rec. 1.)  On November 2, 2003, Defendant Orville Moe directed an SRP employee to drive a D8 Cat with a rear ripper back and forth across the Casino's parking lot, intentionally digging trenches in the asphalt and pulling up underground electrical wiring. (Ct. Rec. 205.)  Defendant Orville Moe does not deny his actions. Approximately one week later, Plaintiff sought and received a temporary

---

[2]Because Defendants failed to file a summary judgment response, the Court assumes Plaintiff's claimed facts are uncontroverted. *See* LR 56.1(d).

ORDER ~ 2

restraining order - and then a preliminary injunction - against SRP, Defendant Orville Moe, and others - the injunction remains in effect today against Defendant Orville Moe.  *Id.* at 2.

## II. Discussion

**A. Summary Judgment Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322.  "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts.  In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be

1  drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255
2  (1986).  This does not mean that a court will accept as true assertions
3  made by the non-moving party that are flatly contradicted by the record.
4  *See Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007) ("When opposing parties
5  tell two different stories, one of which is blatantly contradicted by the
6  record, so that no reasonable jury could believe it, a court should not
7  adopt that version of the facts for purposes of ruling on a motion for
8  summary judgment.").

**B. Damages**

10  Plaintiff argues Defendant Orville Moe owes it $29,149.00 - the cost
11  to repair the Casino parking lot - because he never denied causing damage
12  to the lot.  (Ct. Rec. 203 at 4.)  As noted above, Defendants filed no
13  response.

14  "The goal of awarding damages is to fully compensate the plaintiff
15  for loss or injury.  One should not recover any windfall in the award of
16  damages, but should receive an award which does no more than put the
17  plaintiff in his or her rightful position." *Pepper v. J.J. Welcome
18  Constr. Co.*, 73 Wn. App. 523, 543-44 (1994).

19  Here, summary judgment on Plaintiff's claimed actual damages is
20  appropriate.  There is no dispute that: 1) Defendant Orville Moe damaged
21  the Casino parking lot; and 2) Plaintiff paid $29,149.00 to repair the
22  damage caused by Defendant Orville Moe.  (Ct. Rec. 205 at 2.)  The Court
23  also finds prejudgment interest is appropriate because Plaintiff's
24  claimed damages are a fixed amount contained in specific contracts.  *See
25  Lind Bldg. Corp. v. Pac. Bellevue Dev.*, 55 Wn. App. 70, 81, *review
26  denied,* 113 Wn.2d 1021 (1989).

ORDER ~ 4

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment Re: Damages **(Ct. Rec. 203)** is **GRANTED.**

2. Judgment shall be entered in Plaintiff's favor in the amount of $29,149.00 plus prejudgment interest since February 28, 2004.

3. All pending hearing and trial dates are **STRICKEN.**

4. This file shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this _____12ᵗʰ_____ day of September 2008.


                          S/ Edward F. Shea
                        EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2003\423.MSJ.2.wpd

ORDER ~ 5