UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THE KALISPEL TRIBE OF
INDIANS, a Native American
tribe,

          Plaintiff,

          v.

ORVILLE MOE and the marital
community of ORVILLE AND
DEONNE MOE,

          Defendants.

NO. CV-03-423-EFS

**ORDER DENYING MOTION FOR A NEW
TRIAL AND RECONSIDERATION**

Before the Court, without oral argument, is Defendants Orville and Deonne Moe's Motion for a New Trial and Reconsideration. (Ct. Rec. 215.)[1] After reviewing the submitted material and relevant authority, the Court is fully informed and denies Defendants' motion. The reasons for the Court's Order are set forth below.

---

[1]The title of Defendants' motion is a misnomer - no trial ever occurred. Accordingly, the Court construes Defendants' motion solely as a motion for reconsideration.

ORDER ~ 1

# I. Background

On December 19, 2007, Plaintiff Kalispel Tribe of Indians filed a summary judgment motion seeking to dismiss Defendants' permissive counterclaims. (Ct. Rec. 165.)  Based on this filing date, Defendants' responsive materials were due on January 9, 2008 - no responsive materials were filed.  Plaintiff subsequently filed a reply memorandum confirming summary judgment was proper considering Defendants' failure to respond. (Ct. Rec. 171.)  Two (2) weeks later, Defendants filed their summary judgment opposition materials, which included a Memorandum (Ct. Rec. 172), a Statement of Facts (Ct. Rec. 173), and a Declaration by Orville L. Moe (Ct. Rec. 174).

On January 28, 2008, the Court ordered Defendants to show good cause why it should accept Defendants' late-filed materials. (Ct. Rec. 176.) After reviewing Defendants' explanation, the Court considered Defendants' late-filed materials (Ct. Rec. 180), but sanctioned Defendants $800.00 because their delay caused Plaintiff to incur unnecessary expenses (Ct. Rec. 193).  The Court ultimately granted Plaintiff's Motion for Summary Judgment and dismissed Defendants' permissive counterclaims. (Ct. Rec. 183.)

On April 4, 2008, Defendants appealed the Court's Order Granting Plaintiff's Motion for Summary Judgment. (Ct. Rec. 184.)  The Court informed Defendants that their appeal was improper because any order disposing of fewer than all of the claims or parties must be certified under Federal Rule of Civil Procedure 54(b) to be appealable, and no Rule 54(b) motion had been filed. (Ct. Rec. 193.)  Accordingly, the Court

entered a Scheduling Order setting a trial date and other deadlines. (Ct. Rec. 209.)

On May 23, 2008, Defendants filed a motion asking the Court to reconsider its May 15, 2008 Order rejecting Defendants' interlocutory appeal and sanctioning Defendants $800.00 for their untimely summary judgment opposition.  (Ct. Rec. 194.)  Defendants argued the Court's Order ran contrary to Ninth Circuit law and violated the forum rule on attorney fees.  The Court declined to reconsider its earlier rulings. (Ct. Rec. 197.)  The Ninth Circuit dismissed Defendants' appeal for failing to file an opening brief.  (Ct. Rec. 208.)

Plaintiff filed its second summary judgment motion on July 30, 2008, this time pertaining to damages.  (Ct. Rec. 203.)  Based on this filing date, Defendants' responsive materials were due August 20, 2008 - again, no responsive materials were filed.  At 2:05 p.m. on September 16, 2008, nearly four (4) weeks past the response deadline, Defendants filed an Affidavit in Opposition to Plaintiff's Motion for Partial Summary Judgment. (Ct. Rec. 210.)  At 4:00 p.m. that same day, the Court entered an Order Granting Plaintiff's Motion for Summary Judgment Re: Damages. (Ct. Rec. 211.)[2]  The Court also entered Judgment in Plaintiff's favor. (Ct. Rec. 212.)    On September 25, 2008, Defendants filed the reconsideration motion now before the Court.  (Ct. Rec. 215.)

---

[2]Although Defendants' Affidavit and the Court's Order were entered the same day, ECF identifies the Court's Order as being entered one (1) day earlier - that date is incorrect and is due to a docketing error.

ORDER ~ 3

1                          **II. Discussion**

2    **A. Standard**

3        A motion for reconsideration is "appropriate if the district court

4    (1) is presented with newly-discovered evidence, (2) committed clear

5    error or the initial decision was manifestly unjust, or (3) if there is

6    an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S,*

7    *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration

8    should not be granted, absent highly unusual circumstances." *389 Orange*

9    *St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

10   **B. Reconsideration**

11       Although Defendants' motion is titled as a reconsideration request,

12   it is more properly viewed as a summary judgment opposition. Defendants

13   identify the summary judgment standard instead of the reconsideration

14   standard and point to several issues they believe raise genuine factual

15   disputes. Defendants' response is too little too late. There are three

16   (3) equally compelling reasons why Defendants' motion is properly denied.

17       First, Defendants do not articulate which of the three (3)

18   permissible reconsideration bases apply. The Court can identify no

19   newly-discovered evidence or intervening change in controlling law, so

20   the Court infers that Defendants' basis for reconsideration is because

21   the Court's Order Granting Summary Judgment Re: Damages (Ct. Rec. 211)

22   was manifestly unjust. Even assuming this is the case, Defendants

23   provide no authority to support this argument; rather, Defendants set

24   forth the summary judgment standard and a cursory analysis as to why at

25   least one genuine factual issue remains for trial. (Ct. Rec. 215 at 10-

26   11.)  This is the first time Defendants have cited case law and

ORDER ~ 4

1    articulated argument opposing summary judgment.  Articulating such law

2    and arguments now is improper.  A motion for reconsideration may not be

3    used to raise arguments or present evidence for the first time when they

4    could reasonably have been raised earlier in the litigation.  *AC&S, Inc.*,

5    5 F.3d at 1263; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890

6    (9th Cir. 2000).

7        Second, Defendants' Affidavit was untimely.  Defendants' Affidavit -

8    the sole document filed opposing summary judgment - was filed four (4)

9    weeks past the Court's response deadline.  This is the second time

10   Defendants have filed belated dispositive motion opposition materials.

11   This time, however, Defendants provided no explanation for the delay.

12       Third, an affidavit is insufficient by itself to oppose summary

13   judgment.  Local Rule 56.1(b) requires a party opposing summary judgment

14   to file both a responsive memorandum of law and a statement "setting

15   forth the specific facts which the opposing party asserts establishes a

16   genuine issue of material fact precluding summary judgment.  Each fact

17   must explicitly identify any fact(s) asserted by the moving party which

18   the opposing party disputes or clarifies."  Defendants filed neither.

19   The single filing they did submit - the affidavit - follows neither the

20   letter nor the spirit of Local Rule 56.1 and does nothing to assist the

21   Court in determining what genuine factual issues, if any, exist.[3]  As

22   Plaintiff correctly points out, it is not the Court's task to scour the

23

24       [3]It also appears the Affidavit attempts to introduce unauthenticated

25   documents not produced during discovery, which is improper. *See* FED. R.

26   CIV. P. 56(e) (requiring affidavits to set out admissible facts).

ORDER ~ 5

record in search of genuine factual issues; rather, it is the nonmoving parties' job to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996). Defendants failed to do so.

In sum, a motion to reconsider is not the proper vehicle for opposing summary judgment - Defendants should have filed a timely memorandum. Moreover, the responsive document Defendants did submit - the affidavit - was untimely, non-compliant with the Local Rules, and unhelpful for determining what factual issues, if any, remained for trial. Because Defendants articulated no sound basis for the Court to reconsider its summary judgment ruling, their request is denied.

**C. Terms**

Defendants' repeated and flagrant disregard of the Local Rules for the Eastern District of Washington and the Court's Scheduling Order (Ct. Rec. 209) are not well received. For the reasons articulated above, the Court assesses a $1,200.00 sanction against defense counsel.[4] Defense counsel shall pay this sanction in the form of a check made payable to Miller Nash, LLP. The check shall be mailed to Plaintiff's counsel at Miller Nash, LLP **no later than January 5, 2008.** Defense counsel shall then immediately file an electronic notice with the Court indicating his compliance with paying the sanction.

\\

\\

---

[4]Plaintiff asked for $1,550.00 in fees and $10,000.00 in sanctions. (Ct. Rec. 217 at 6.)

ORDER ~ 6

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this _____7th_____ day of November 2008.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                  United States District Judge


Q:\Civil\2003\423.Deny.Reconsider.2.wpd

ORDER ~ 7